HARDING v. GAILLARD et al.

(Supreme Court, Special Term, New York County.   May 8, 1916.)

JUDGMENT ☞592—REPLEVIN.

Where there was a difference between the assignee of a brokerage firm and a customer of the firm as to the amount due on stocks held by the firm for the customer's debit balance, and on appeal in an action by the customer his contention was upheld, the customer cannot, having replevied the stocks themselves and paid balance due thereon to such firm, recover for any depreciation in the value of the stocks which occurred during the time between his demand and delivery by the assignee under judgment of the court.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1107; Dec. Dig. ☞592.]

Action by Edmund F. Harding against William D. Gaillard, individually and as assignee for the benefit of creditors of the firm of Beers & Owens, impleaded with Charles H. Dickinson as sole surviving partner.   On plaintiff's motion for judgment.   Motion denied.

Dos Passos Bros., of New York City, for plaintiff.
Marsh & Wever, of New York City, for defendant Gaillard.

NEWBURGER, J.   The complaint alleges that in 1915 John W. Beers and the defendant Dickinson were copartners doing business as stockbrokers under the name of Beers & Owens, and that on the 8th day of September, 1915, Beers died, and the defendant, as sole survivor of the partnership, made a general assignment for the benefit of creditors to the defendant Gaillard; that the plaintiff was the owner of 300 shares of the common stock of the Interborough Metropolitan Company, which stock was held by the brokerage firm for the plaintiff's debit balance, and under the assignment came into the possession of defendant Gaillard; that at the time of the assignment plaintiff was indebted to said firm on said debit balance in the sum of $1,006.95, with interest, which plaintiff was ready, able, and willing to pay, but defendants claimed a lien thereon amounting to $3,806.95; that said stock was returned on the 9th day of February, 1916, upon payment by plaintiff to the defendants of the sum of $1,006.95.   The plaintiff further alleges that on the 26th day of October, 1915 (being the day when he claims to have offered to take up said stock), the stock was reasonably worth $6,787.50; that on the 9th day of February, 1916, the day of delivery, it was worth $5,250, and for the difference in the value this action is brought, plaintiff claiming the same to represent his damages.

The answer alleges that certain questions arose as to the power of Gaillard, as assignee, to deliver the stock to the plaintiff; that, thereupon the plaintiff herein by petition applied to this court for an order directing the defendant Gaillard, as assignee, to deliver to the petitioner (plaintiff herein) the 300 shares of Interborough Metropolitan Company upon payment to the assignee of the debit balance of $1,006.95; that proceedings were had upon said petition which resulted in the

entry of an order granting said petition upon payment of $3,806.95; that an appeal was taken by plaintiff which resulted in the Appellate Division fixing the amount to be paid by plaintiff as a condition of the surrender of the stock to him of $1,006.95 (see 157 N. Y. Supp. 248); that immediately after the entry of the order of the Appellate Division the plaintiff paid the amount fixed by the order and received the stock from the assignee.

This case comes clearly within the ruling of the Court of Appeals in the case of Commerce Bank v. Blye, 123 N. Y. 132, 25 N. E. 208. In that case it appeared that the defendant became receiver of a bank, and among the assets found certain bonds which plaintiff claimed, but was refused, whereupon he commenced an action in replevin, in which action plaintiff was awarded possession of the bonds and damages for their detention; that the defendant appealed from the judgment, which subsequently was affirmed. The plaintiff then brought an action to recover damages for the failure to deliver said bonds. The defendant then demurred, and Mr. Justice Finch said (123 N. Y. 134, 25 N. E. 208):

"The judgment rendered in this case is without precedent, and opens new possibilities of litigation, if sustained by this court."

And at page 135 of 123 N. Y., at page 208 of 25 N. E., he says:

"The complaint discloses a single tort, which has formed the subject of an action and been redressed by a judgment therein. It alleges no new or separate demand, but simply a continuance of the refusal to obey it, after judgment and pending the appeals therefrom. If the defendant's continued possession during that interval was a wrong at all, it was not new or separate, but a continuance of that sued upon, and dependent upon the demand proved in that action. At the most, the complaint shows an extension of the damages beyond the date of the trial judgment, and growing out of the delay inseparable from the defendant's right of appeal, and so we are required to say, if we affirm this judgment, either that the damages flowing from a single wrong may be divided into two parts, and each part form the subject of a separate action, or that the exercise by the defendant of the right of appeal upon the precise terms and conditions dictated by the law constitutes a new and illegal detention of the property in controversy."

On page 136 of 123 N. Y., on page 208 of 25 N. E., he says:

"The appeals were taken by the defendant in pursuance of a lawful right and in performance of a clear duty. No question of his good faith is raised, and the damages claimed were caused by no act of his. Appointed receiver of the bank, he found these bonds among the assets, and took them into his possession lawfully and as his duty was. When the plaintiff made his demand, the receiver was justified in resisting it in behalf of those whom he represented, and in submitting the controversy to the determination of the courts. The bonds were, of course, liable to fluctuations in value, and having that fact in mind the plaintiff deliberately selected his remedy. He might have sued simply for the conversion of the bonds, and recovered their value and damages for their detention, and so have thrown upon the defendant their ownership after judgment, and the risk of future depreciation incidental to that ownership. Instead of that he chose to pursue the bonds themselves, and seek their recovery under the provisions of the Code."

When the plaintiff herein filed his petition he chose his remedy, and the court having fixed the amount due by plaintiff on the stock, and

plaintiff having acquiesced in the decision by payment of the amount fixed by the order of the Appellate Division and accepted the stock, he is estopped from seeking additional damages.

The motion for judgment must be denied.

McAULIFFE v. NEW YORK CENT. & H. R. R. CO.